IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH

| | |
|---|---|
| RACHAEL MAXWELL aka RACHAEL HOLLEY | Civil No. 2:06-CV-00840 DB |
| Plaintiff, | MEMORANDUM DECISION AMD ORDER DENYING PLAINTIFF'S MOTION TO AMEND |
| vs. | |
| JAY V. BARNEY, JAY V. BARNEY P.C., KNIGHT ADJUSTMENT BUREAU, a Utah Corporation, GOLD CROSS AMBULANCE, a Utah Corporation, and DOES 1 through 15 Defendants. | Judge DEE BENSON<br><br>MAGISTRATE JUDGE BROOKE C. WELLS |

Before the Court is Plaintiff Rachael Maxwell's motion for leave to amend complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.[1] Maxwell instituted this action based on alleged violations of the Fair Debt Collection Practices Act (FDCPA), intentional infliction of emotional distress and violations of the Utah Consumer Sales Practices Act.[2] Maxwell seeks to amend her complaint by making the following three corrections. First, she seeks to correct the date on which she received the letter from Knight Adjustment Bureau (KAB) and the means the Bureau used to send her the letter.[3] Second, she seeks

---

[1] Docket no. 26.

[2] Docket no. 2.

[3] Mem. in Supp. p. 3.

to clarify the relief sought under the FDCPA.[4]  Third, she seeks to add corrections to paragraphs 14, 25 and 44 (formerly paragraph 43) of her complaint.[5]  After considering the parties' memoranda and relevant case law, the Court finds that Maxwell failed to comply with Local Rule 7-1(c) and that her proposed amendment is prejudicial to Defendants.  Therefore, the Court DENIES Maxwell's motion to amend.

Rule 15(a) states that after a responsive pleading is served "a party may amend the party's pleading only by leave of court .. and leave shall be freely given when justice so requires."[6] Generally, the Court will refuse leave to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiency by amendments previously allowed, or futility of amendment."[7]  Rule 15(a) also states, that the Court has the discretion to grant or deny a party's motion to amend.[8]

Maxwell argues the Court should grant her motion to amend because it serves the interest of justice, the proposed

---

[4] Mem. in Supp.  p. 4.

[5] *Id.* at  p. 4.

[6] *Fed.R.Civ.P.* 15(a).

[7] *Frank v. U.S. West, Inc.,* 3 F. 3d 1357, 1365 (10th. Cir).

[8] See *supra* note 6.

amendments do not introduce new legal theories and material facts, and the amendments are not prejudicial to Defendants.[9]

In opposition Defendants Jay V. Barney (Barney), KAB and Gold Cross Ambulance (Gold Cross) argue that Maxwell did not comply with Local Rule 7-1(c) when she failed to attach the required Second Amended Complaint.[10] They also assert that since Maxwell filed her motion more than eight months after the original complaint, it was untimely.[11] Next, they argue that the proposed amendments are futile, because they do not save Maxwell's "sole federal claim from the applicable time bar."[12] Finally, Defendants allege the amendments are unduly prejudicial because Maxwell uses them as an attempt to avoid dismissal or summary judgment.[13]

Maxwell filed her motion to amend on May 18, 2007.[14] Local Rule 7-1(c) states, "if any memorandum in support of or opposition to a motion cites documents, interrogatory answers, deposition testimony, or other discovery materials, relevant portions of those *materials must be attached to or submitted with the memorandum when it is filed with the Court and served on the*

---

[9] *Id.* at p. 5.

[10] *See* Op. p. 2.

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] See *supra* note 1.

*other parties.*"[15]  In her motion, Maxwell refers to her proposed amended complaint as Exhibit A.  Upon review of the record, the Court cannot find any indication that Exhibit A was submitted when she filed her motion with the Court.  Accordingly, the Court finds that Maxwell failed to comply with Local Rule 7-1(c).

Defendants argue that the proposed date change in Maxwell's complaint is unfairly prejudicial because Defendants have invested significant time and effort in drafting their motion for summary judgment regarding Maxwell's injury, which allegedly occurred on September 29, 2005.[16]  Maxwell seeks to modify the date on which she received the letter from KAB, from September 29, 2005 to September 30, 2005.[17]  To justify the denial of a motion to amend on prejudice grounds, the prejudice must be undue or substantial prejudice, since almost every amendment of a pleading will result in some practical prejudice to the opposing party.[18]  But, as noted by other Courts it is improper for a party to try and avoid summary judgment via a motion to amend.[19]

---

[15] *DUCivR* 7-1(c) (April 2005) (Emphasis added).

[16] *See* Op. p. 5.

[17] Docket no. 25.

[18] *Fed.R.Civ.P.* 15(a).

[19] *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th. Cir.1994). *See* also *Otis v. Canadian Valley-Reeves Meat Co.,* 1995 WL 216906 *1 (10th. Cir. 1995) (holding that the district Court did not abuse its discretion by denying leave to amend when amendment was used to avoid summary judgment).

Defendants claim that Maxwell attempts "to avoid the applicable time bar by revising the date on which she allegedly received the letter from KAB."[20]  They point out that she took longer than three months to file her motion to amend the date of her alleged injury.[21]  According to the court record, no scheduling order has been entered in this matter and no deadline for amending the pleadings or adding parties has been set.  But, based on the record in this case, the Court finds that Maxwell has been somewhat negligent in prosecuting her case.  She took approximately eight months to request the change of her outset injury date and more than three months to file a motion to amend her complaint.[22]  The record is silent regarding why Maxwell could not have filed her requests sooner.  If the Court grants her motion to amend, the Court would essentially be condoning practices that would allow parties to avoid summary judgment via such a motion.  Finally, the Court finds that it would be prejudicial to require Defendants, who have actively sought to respond to Maxwell's complaint, to re-submit memorandums addressing Maxwell's proposed changes of her date of injury.

Based on the foregoing, Plaintiff's motion to amend is DENIED.  Because the Court finds that Maxwell failed to comply

---

[20] *See* Op. p. 4.

[21] Defendants filed the motion to dismiss or summary judgment on February 15, 2007. Maxwell filed the motion to amend on May 18, 2007.

[22] On October 2, 2006, Maxwell filed the original complaint stating September 29, 2005, as the date of her injury.  On May 18, 2007, she filed the amended complaint stating September 30, 2005, as the date of her injury.

with Local Rule 7-1(c) and that her proposed amendment would cause unfair prejudice to Defendants, the Court need not reach the untimeliness and futility issues raised by Defendants.

Dated July 6th 2007.

BY THE COURT:

BROOKE C. WELLS
United States Magistrate Judge