_____

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | |
|---|---|
| RACHAEL MAXWELL aka RACHAEL HOLLY,  Plaintiff,  vs.  JAY V. BARNEY, JAY V. BARNEY P.C., KNIGHT ADJUSTMENT BUREAU, a Utah Corporation, GOLD CROSS AMBULANCE, a Utah Corporation, and DOES 1 - 15,  Defendants. | Case No. 2:06 cv 840 DB  **MEMORANDUM DECISION AND ORDER**  Judge Dee Benson  Magistrate Judge Brooke C. Wells |

This matter is before the Court on Rachael Maxwell's Motion for Reconsideration of the court's prior order denying her motion to amend[1] and a Renewed Motion to Amend her Complaint.[2] The parties have fully briefed the motions, and the court concludes that a hearing would not significantly aid in its determination of the motions. Having carefully considered the memoranda submitted by the parties and the facts and law relevant to the motion, the court GRANTS Plaintiff's motions.

On May 18, 2007-approximately three months after Defendants Gold Cross and Jay Barney filed their respective motions to dismiss-Plaintiff filed a motion to amend/correct

---

[1] Docket no. 39.
[2] Docket no. 44.

amended complaint. This Court denied Plaintiff's motion primarily because Maxwell failed to comply with Local Rule 7-1(c) which required her to submit a copy of the proposed amended complaint with the motion.[3] In addition, the court found the amended complaint would cause unfair prejudice to Defendants because it would likely circumvent some of Defendants' summary judgment arguments.[4] Finally, the court further found that Plaintiff appeared to be "somewhat negligent in prosecuting her case."[5] Maxwell seeks to have the Court reconsider this decision and has also filed a renewed motion to amend her complaint.

Federal Rule 54(b) provides that "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."[6] The Tenth Circuit has stated, "[w]hen a court enunciates a rule of law in the course of a given case, the law of the case doctrine generally requires the court to adhere to the rule throughout the proceedings."[7] But, "[u]nlike res judicata, the rule is not an 'inexorable command,' but is to be applied with good

---

[3] *See* order dated July 6, 2007.
[4] *See id.*
[5] *Id.* at p. 5.
[6] Fed. R. Civ. P. 54(b).
[7] *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981).

sense."[8]  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[9]

Also pertinent to Plaintiff's motion is Rule 83(a)(2).  This rule provides that "[a] local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply."[10]

Maxwell contends that she has not alleged a new theory with her motion to amend, "nor has she waited until after the entry of summary judgment to make that motion."[11]  Further, this case is in its relative infancy.  Defendant Gold Cross has not filed an answer[12] and there is not a scheduling order in place.

Maxwell further argues that counsel's "failure to attach a copy of the proposed amended complaint was nonwillful."[13]  This was due to "counsel's lack of technical proficiency with electronic filing."[14]  Such an oversight was nonwillfull and this court should not enforce the local rule to cause Plaintiff to lose the right to amend.  Therefore, this court should grant Maxwell's renewed motion for leave to amend because Plaintiff can correct the defect.[15]  Attached to Plaintiff's renewed motion is her proposed amended complaint.

---

[8] *Id.* (quoting *White v. Murtha*, 377 F.2d 428, 431-32 (5th Cir. 1967).
[9] *Servants of the Paracletes v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).
[10] Fed. R. Civ. P. 83(a)(2).
[11] Mem. in Supp. p. 2.
[12] The court notes, however, that Gold Cross has filed a responsive pleading-a motion for summary judgment.
[13] Mem. in Supp. p. 3.
[14] *Id.*
[15] *See* 3 Moore's Federal Practice, ¶ 15.10, n. 2 (1983).

The court finds it appropriate to reconsider Plaintiff's motion to amend because at the time of its decision, the Court was unaware of Plaintiff's problems with attaching the complaint due to a lack of proficiency with electronic filing. Moreover, such an argument was unavailable at the time of Plaintiff's original motion.

In *Conley v. Gibson*,[16] the Supreme Court stated that "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."[17] In accordance with *Conley*, the Court finds it appropriate to allow Plaintiff to amend her complaint. Plaintiff is warned, however, that continued reliance on technical proficiency arguments will not be persuasive because parties have a duty to educate themselves about the procedures used by this court, even if those procedures involve the use of computers and electronic filing. In the future Plaintiff should call the help desk that is available to address problems like that allegedly encountered in this case.

The Court's decision to allow Plaintiff's amended complaint is also supported by Rule 83(a)(2). The Court finds that Plaintiff's failure to comply with Local Rule 7-1(c) in this instance was nonwillful. Thus, the Court finds it appropriate to give Plaintiff an opportunity to correct her deficiency.

---

[16] 355 U.S. 41 (1957).
[17] *Id.* at 47.

In their opposition Defendants do not address the applicability of Rule 83(a)(2). Rather, they argue that Plaintiff fails to meet any of the grounds for justifying reconsideration. As noted previously, the court finds it proper to reconsider its decision due to Plaintiff's counsel's lack of technical proficiency with electronic filing.

Defendants next contend that Plaintiff's amended complaint is prejudicial, untimely and futile. Previously the Court found that Plaintiff's proposed amended complaint was prejudicial to Defendants because it was an attempt to avoid summary judgment.[18] Admittedly, the new proposed complaint would likely create some similar prejudice. But, as noted previously, the primary reason for the Court's denial of Plaintiff's previous motion was because of her failure to attach the proposed complaint. Additionally, it appears that many of Defendants arguments concerning summary judgment will still be applicable to the amended complaint.

Related to the prejudicial analysis is the fact that this case is relatively early in its proceedings. No scheduling order is in place and the Court has not yet ruled on Defendants summary judgment motions. Although Plaintiff's diligence in prosecuting this case has not been a model of perfection, Plaintiff's filing of her motion does not warrant a finding of untimeliness or prejudice.

Finally, Defendants arguments concerning the futility of the proposed amended complaint center on arguments that in the view of this Court are better left for summary judgment. The arguments focus on the predicted demise of Plaintiff's complaint because of

---

[18] *See* Order dated July 6, 2007, p. 4-5.

problems with the statute of limitations.  The Court finds it improper to rule on such arguments because this Court would in essence be ruling on aspects of Defendants summary judgment motion.  This court, then, will leave it up to Judge Benson to decide whether or not Plaintiff's complaint survives summary judgment.

Based on the foregoing, Plaintiff's Renewed Motion to Amend is GRANTED.  Plaintiff's Motion for Reconsideration is also GRANTED.

DATED this 10th day of October, 2007.

Brooke C. Wells
United States Magistrate Judge