IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RACHAEL MAXWELL aka RACHAEL HOLLEY,<br><br>    Plaintiff,<br><br>vs.<br><br>JAY V. BARNEY, KNIGHT ADJUSTMENT BUREAU, a Utah Corporation, GOLD CROSS AMBULANCE, a Utah Corporation, and DOES 1 through 10,<br><br>    Defendant. | **AMENDED MEMORANDUM DECISION AND ORDER**<br><br><br><br>Case No. 2:06-CV-840 |

## BACKGROUND

On February 29, 2000, Gold Cross Ambulance provided ambulance transportation and related medical services to the Plaintiff, Rachael Maxwell, after she was raped by two men.

There is no dispute that Gold Cross provided these services and that Ms. Maxwell was obliged to pay for them. It is also undisputed that Ms. Maxwell failed to pay the bill. Gold Cross, therefore, in July 2000, enlisted the assistance of Knight Adjustment Bureau to collect the debt.

In September 2005, the bill still remained unpaid, at $828.86. On September 21, 2005, Knight made a written demand on Ms. Maxwell for payment in full. In response, on September

24, 2005, Ms. Maxwell sent a letter via certified mail to Knight requesting validation of the Gold Cross debt. The pertinent provisions of Ms. Maxwell's letter state as follows:

> Dear Registered Agent:
>
> I am in receipt of your letter as of September 23, 2005, claiming that I owe your company for a debt, and as allowed under the Fair Debt Collections Practices Act, I am requesting that you allow me to validate the debt. Your letter indicates that there are three alleged debts that appear to be medical in nature. Even though you claim an amount due, your bill includes neither a breakdown of fees from the creditor, nor open dates of the creditor's claim, but rather a computer printout of general numbers.
>
> Additionally, I am allowed under the HIPAA law [HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996], to protect my privacy and medical records from third parties. I do not recall giving my permission to any of your named clients - **CCI Acquisitions, Thomas M McNellis DO APC, Gold Cross Ambulance** - for them to release my medical information to a third party. I am aware that the HIPAA does allow for limited information about me but anything more only to be revealed with the patients authorization, therefore my request is twofold and is as follows: Validation of Debt and HIPAA authorization.
>
> - Please provide breakdown of fees including any collection costs and medical charges,
> - Provide a copy of my signature with the provider of service to release my medical information to you,
> - Cease any credit bureau reporting until debt has been validated by me.
>
> . . . .
>
> Please note that withholding the information you received from any medical provider in an attempt to be HIPAA compliant can be a violation of the FDCPA because you will be deceiving me after my written request. I request full account of what you received from the provider of service in connection with this alleged debt.
>
> Additionally, any reporting of this debt to the credit bureaus prior to allowing me to validate it may be a violation of the Fair Credit Reporting Act which can allow me to seek damages from a collection agent.
>
> . . . .
>
> Sincerely,

    Rachael L. Hooley

    . . . .

Decl. of Rachael Hooley Ex. A.

Knight responded to Ms. Maxwell's request for validation of the debt by ordinary mail correspondence dated September 29, 2005. Knight included in its reply a copy of the original ambulance trip ticket that Gold Cross prepared contemporaneously with its response to Ms. Maxwell's February 29, 2000, request for help. Among other details describing the event and the services provided, the ambulance trip ticket contained a brief hand-written description of the incident as follows: "[p]t. was attacked by two men early this morning. Pt. was thrown in back of pick-up truck, given 2-3 shots (unknown drug) in the buttocks then raped. Pt. was also given a drug orally (unknown Drug). Pt. was then beat. . . ." *Id.* Ex. B.

After this response, Ms. Maxwell still refused to pay the debt. Knight eventually filed suit in the Third Judicial District Court of Utah on January 4, 2006. Knight's attorney attached a copy of the ambulance trip ticket to the complaint. As a result of Knight's actions, Ms. Maxwell filed this action on October 2, 2006, suing Gold Cross, Knight, and Knight's attorney, Jay V. Barney. Ms. Maxwell complained that the defendants' actions of utilizing the trip ticket and its attachment of that ticket to the State action complaint violated various provisions of the Federal Fair Debt Collection Practices Act ("FDCPA").

On May 2, 2008, the Court dismissed Gold Cross and Jay V. Barney from this action.[1] The Court determined that Gold Cross was not a debt collector under the FDCPA, that Gold Cross and Jay V. Barney's actions did not reach the level of oppressive and outrageous conduct

---

[1] Knight did not move for dismissal at that time.

-3-

envisioned by the FDCPA and were not unfair or unconscionable under the FDCPA. At that time, Ms. Maxwell's argument largely concerned Gold Cross' disclosure of private information she claimed was protected by HIPAA.  Although Ms. Maxwell still insists on largely basing her arguments on her contention that Gold Cross violated HIPAA by disclosing protected health information, she argues that Knight's use of this protected health information violated the FDCPA.  With the exception of pleading a violation of 15 U.S.C. § 1692e, however, Ms. Maxwell's Second Amended Complaint fails to state a FDCPA claim upon which relief can be granted.

## **DISCUSSION**

Knight has moved to dismiss Ms. Maxwell's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In determining whether a Rule 12(b)(6) motion should be granted, the Court must "accept the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."  *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991).  To survive a motion to dismiss, the plaintiff must plead a claim that is at least plausible on its face.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2007).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  With the minor exception noted above, Ms. Maxwell has largely failed to make this showing.

Ms. Maxwell contends in her Second Amended Complaint that Knight's actions violated sections 1692c(c), d, e, and f of the FDCPA.  Her case is based solely on the fact that she was provided with the ambulance trip ticket in response to her September 25, 2005, letter.  The Court will examine each of the Act's sections in turn.

### A. § 1692c(c): Communication in Connection with Debt Collection

Section 1692c(c) of the FDCPA states that upon notification by a consumer in writing that he or she refuses to pay a debt, the debt collector may only communicate with the debtor for certain limited purposes such as advising the consumer that the creditor or debt collector may invoke a certain remedy. 15 U.S.C. § 1692c(c). According to Ms. Maxwell, although she specifically advised Knight that she would not pay the debt until Knight verified the debt, Knight continued to collect the debt. Aside from this general allegation, Ms. Maxwell's complaint provides no other factual basis for her claim.

The facts recited by Ms. Maxwell in her memorandum in opposition to Knight's motion do not support a claim under this section either. Ms. Maxwell states that on October 3, 2005, she disputed the Gold Cross debt in writing. On October 12, 2005, Knight responded in writing to advise Ms. Maxwell that it was going to pursue legal action, which it then did. Viewing these facts in the light most favorable to Ms. Maxwell, Ms. Maxwell has failed to state a claim for relief under § 1692c(c). This claim is DISMISSED with prejudice.

### B. § 1692d: Harassment or Abuse

Ms. Maxwell alleges that Knight engaged in conduct, the natural consequence of which was to harass, oppress, or abuse, in violation of 15 U.S.C. § 1692d. Section 1692d states that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Examples of this type of conduct include the use of violence or criminal means to harm a person physically, or to harm a person's property or reputation, the use of profanity or obscene language, or repeatedly calling a person by telephone or causing a telephone to ring repeatedly in

order to annoy, harass, or abuse. *Id.* According to Ms. Maxwell, Knight's providing to her the ambulance trip report in response to her letter had the natural consequence of harassing, oppressing, and abusing her and was therefore wrongful.

Judged by any objective standard, Knight's conduct was not of the type the natural consequence of which is to harass, abuse, or oppress a debtor. Knight only provided the ambulance trip ticket to Ms. Maxwell to respond to her demand that Knight validate her debt and inform her of all HIPAA information Knight had received from Gold Cross. By any measure, Knight's response was appropriately responsive. It provided a document prepared contemporaneously with the services provided to Ms. Maxwell listing the date and time of services and briefly describing the circumstances. Likewise, Knight's attachment of the trip ticket to its complaint filed in court was a logical way to indicate in a court of law that Ms. Maxwell owed a debt to Gold Cross. It should not be forgotten in all of this that it is undisputed that the details of the incident were already known to Ms. Maxwell, and it was Ms. Maxwell herself who communicated the statement to her medical providers. Her sole basis for alleging harassment, oppression, and abuse is the fact that she saw a reference to a matter already known to her. There is no allegation of any kind that Gold Cross, Knight, or Knight's attorney had been informed in advance by Ms. Maxwell, or by anyone else that she would find any reminder of the incident to be particularly offensive or abusive to her.

According to Ms. Maxwell, Gold Cross could have validated the debt without providing the trip ticket, but such a response would have allowed Ms. Maxwell to dispute whether Gold Cross ever actually provided the services. The description embodied in the ambulance trip ticket legitimized the claim. Furthermore, the trip ticket was in direct response to Ms. Maxwell's

detailed demand that Knight provide her with all HIPAA related medical information that Gold Cross had shared with Knight.  Once Gold Cross provided Knight with the trip ticket (presumably to help validate the debt), Knight was obligated to send it on to Ms. Maxwell because it also constituted her medical information.

Ms. Maxwell also claims under § 1692d that Knight's conduct constituted threatened use of violence or other criminal means to harm Ms. Maxwell.  These allegations are made without any evidentiary support whatsoever and are legally meritless.

Knight's motion to dismiss Ms. Maxwell's claims based on 15 U.S.C. § 1692d is GRANTED and the Court dismisses those claims with prejudice.

### C. § 1692e: False or Misleading Representations

Section 1692e of the FDCPA prohibits a debt collector from using false, deceptive, or misleading representations in its efforts to collect a debt.  15 U.S.C. § 1692e.  According to Ms. Maxwell's complaint, Knight violated this provision when it "falsely represented . . . to the Plaintiff that they had a legal right to use her confidential medical records to collect the debt." She states that

> Defendants were prohibited by statute, regulation and contract from disclosing those medical records to third parties and by publishing the Plaintiff's confidential medical information regarding the rape in the state court action, those Defendants were threatening to continue to use that rape information in the state court action, which was a use they could not legally make of that information.

Compl. at 11.  Contrary to Ms. Maxwell's assertion, however, nothing in the FDCPA prohibited Knight from using the ambulance trip ticket to validate Ms. Maxwell's debt.  As a debt collector, HIPAA is inapplicable to Knight, so Knight's use of the trip ticket was not inhibited by that Act. Furthermore, no law prohibited Knight from attaching the ambulance trip ticket to its complaint.

Ms. Maxwell provides no comprehensible argument that Knight used any false, deceptive, or misleading representations to Ms. Maxwell in its efforts to collect on the Gold Cross debt.

Ms. Maxwell argues that Knight violated § 1692e of the FDCPA because Knight's attachment of the trip ticket to its complaint implied that Ms. Maxwell had engaged in disgraceful conduct by demanding verification of the debt, and that this implication was false because Ms. Maxwell required Gold Cross' services but had no means to pay Gold Cross for those services.  The Court has tried to make sense of this argument and has failed.  It finds no basis in the FDCPA, and Ms. Maxwell has failed to state a claim upon which relief can be granted.

There remains, however, one subsection of § 1692e that survives Knight's motion to dismiss.  Section 1692e(8) lists a "failure to communicate that a disputed debt is disputed" as a violation of the Act.  Taking Ms. Maxwell's allegations as true, a reasonable jury could find in her favor on that claim.  Accordingly, the Court DENIES Knight's motion in this regard.  To this limited extent, Ms. Maxwell's claim based on 15 U.S.C. § 1692e survives Knight's motion to dismiss.  Otherwise, as explained above, the Court DISMISSES Ms. Maxwell's claims based on § 1692e with prejudice.

### D. § 1692f: Unfair Practices

Section 1692f of the FDCPA states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.  But the allegations in this case provide no plausible basis to support a claim that Knight acted in an unfair or unconscionable way.  The FDCPA provides a method for validation of debts.  This provision allows a debt collector to validate the debt by sending the debtor documentation it

receives from the creditor as verification of the debt.  *See* 15 U.S.C. § 1692g(a)(4).  Knight attempted to validate the Gold Cross debt by providing Ms. Maxwell with the most obvious form of information–a document it received from Gold Cross that was prepared contemporaneously with Gold Cross' services.  The Court DISMISSES Ms. Maxwell's claim based on § 1692f with prejudice.

## **CONCLUSION**

Taking the facts pled by Ms. Maxwell as true, as a matter of law Knight's alleged misconduct does not rise to the level of the outrageous, abusive, and otherwise inappropriate conduct envisioned by the FDCPA.  Much time and effort has been spent by the parties and the Court in considering this case, first in a motion to dismiss filed by Gold Cross and Mr. Barney, and now this motion to dismiss by Knight.  After giving Ms. Maxwell every opportunity to present allegations to support a viable claim, she has failed to do so.  She appears to continue to believe that the various defendants violated her HIPAA rights, but to the extent she has any private cause of action in connection with such rights, that subject has been fully addressed by the appropriate government agency (The United States Department of Health and Human Services) and this Court in its previous memorandum decision and order dated May 2, 2008.  It is clear Ms. Maxwell enjoys no private cause of action to pursue a HIPAA claim here.  She nonetheless has vigorously tried to press such issues into a viable theory under the Fair Debt Collection Practices Act.  But the FDCPA was not designed to reach that far.  In all fairness to Ms. Maxwell, and also to the defendants who have been subjected to the rigors of litigation in connection with these claims, this case strikes the Court as one bordering on frivolous.  There is no evidence whatsoever that would have put an ambulance service provider, or its collection

agents, on notice that this particular debtor with an unpaid five year old debt was uncommonly sensitive about receiving a contemporaneously prepared document in response to her own report for validation of her own debt, not to mention her detailed demand for HIPAA related information.  It would possibly be a different matter if the statement itself was outrageous or vile on its face, but such is not this case.  This is a simple case of a debtor receiving a copy of a contemporaneously prepared trip report in response to her own request, and nothing more.  The fact that it has proven capable of consuming so much time and effort in litigation is perhaps a testament to the thoroughness of our present day civil litigation procedure, but it does not add any merit to a meritless case.  With the exception of pleading a violation of the FDCPA for Knight's alleged failure to communicate that Ms. Maxwell disputed the Gold Cross debt, the Court DISMISSES Ms. Maxwell's claims based on the FDCPA with prejudice.  As Knight has provided no substantive basis for dismissing Ms. Maxwell's claims based on Utah law, the Court declines to do so at this time.

Dated this 18th day of June, 2009.

Dee Benson
United States District Judge